UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARICHU SUAREZ BAOANAN

                     Plaintiff,

               - against -                        08-CV-5692 (VM)
                                                      **First Amended Complaint**

LAURO LIBOON BAJA, JR., NORMA CASTRO
BAJA, MARIA ELIZABETH BAJA FACUNDO, and
LABAIRE INTERNATIONAL TRAVEL, INC.

                    Defendants.
---------------------------------------------------------------X

## PRELIMINARY STATEMENT

      Plaintiff alleges upon knowledge as to herself and her acts, and upon information and belief as to all other matters as follows:

1. Plaintiff Marichu Suarez Baoanan (hereinafter referred to as "Ms. Baoanan" or "Plaintiff") worked in the household of Defendants Lauro Baja, Jr., Norma Castro Baja, and Maria Elizabeth Baja Facundo (collectively hereinafter referred to as "Defendants Bajas") as a domestic worker for approximately three months.  Defendant Labaire International Travel, Inc. (hereinafter referred to as "Defendant Labaire") facilitated the visa application process, collected fees, provided temporary housing, and organized the travel of Ms. Baoanan from Manila, Philippines to New York, United States.

2. Defendants forced Ms. Baoanan to work at least 18 hours a day, seven (7) days a week with no days off for three (3) months for merely $100.00.

3. Defendants and their associates knowingly and willfully conspired to lure Ms. Baoanan from the Philippines with false promises of employment as a nurse in the U.S.  Instead, upon Ms. Baoanan's arrival to the U.S., Defendants immediately alleged a substantial debt, confiscated

1

Ms. Baoanan's passport, and subjected her to three months of involuntary servitude, forced labor, debt bondage, peonage, slavery, and psychological abuse in the Baja household.

4. Throughout the course of her work with Defendants Bajas, Ms. Baoanan was not compensated either the federal or state minimum wage.

5. During her work with Defendants Bajas, Ms. Baoanan consistently worked more than forty hours a week.

6. Defendants Bajas never compensated Ms. Baoanan for her overtime work, in violation of state law.

7. This is an action under the Trafficking Victims Protection Reauthorization Act, federal and state labor laws, and common law to recover Ms. Baoanan's lawful minimum and overtime wages, other damages, and attorneys' fees. Ms. Baoanan seeks redress for these violations of her basic human and civil rights.

## JURISDICTION AND VENUE

8. Jurisdiction is conferred on the Court by 28 U.S.C. §§ 1331 and 1337 and by 29 U.S.C. § 216. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. This Court has venue pursuant to 28 U.S.C. § 1391(b).

## PARTIES

9. At all times relevant to this action, Plaintiff Marichu Suarez Baoanan worked in the household of Lauro Baja, Jr., Norma Baja, and Maria Elizabeth Baja Facundo.

10. Defendant Lauro Liboon Baja, Jr., at all times relevant to this action, upon information or belief, resided at 15 East 66th Street, New York, NY 10065.

11. Defendant Norma Castro Baja is the wife of Lauro Baja, Jr. and, at all times relevant to this action, upon information or belief, resided at 15 East 66th Street, New York, NY 10065.

12. Defendant Maria Elizabeth Baja Facundo (hereinafter referred to as "Elizabeth Facundo") is the adult daughter of Lauro Baja, Jr. and Norma Baja. At all times relevant to this action, upon information or belief, she resided at 15 East 66th Street, New York, NY 10065.

13. Defendant Labaire International Travel, Inc. is a travel agency and, upon information and belief, also an employment agency. At all times relevant to this action, upon information or belief, had offices at 60 East 42nd Street, Room 758, New York, NY 10017, and at G/F 5462 South Superhighway cor. General Malvar Street, Makati City, Philippines. Defendant Norma Baja, upon information and belief, was owner, part-owner, or president of Labaire during the period that Labaire facilitated Ms. Baoanan's visa application and travel from the Philippines to the U.S. Defendant Elizabeth Facundo, upon information and belief, was vice president of Labaire during the period that Labaire facilitated Ms. Baoanan's visa application and travel from the Philippines to the U.S.

14. Ms. Baoanan was a domestic worker of Defendants Lauro Baja, Norma Baja, and Elizabeth Facundo as that term is defined by the Fair Labor Standards Act and New York Labor Law.

## STATEMENT OF FACTS

15. In 2005, an acquaintance of Ms. Baoanan in the Philippines told her that Defendant Norma Baja would be able to help Ms. Baoanan come to the U.S. Upon information or belief, the acquaintance's name is Juanita "Babes" Maglalang (hereinafter "Maglalang"). In or about August 2005, this acquaintance introduced Ms. Baoanan to Malou, staff at Defendant Labaire's office in Makati City, Philippines. In or about fall 2005, Ms. Baoanan met Defendant Norma Baja in the Philippines.

16. Ms. Baoanan graduated from Unciano Colleges and General Hospital with a Bachelor of Science in Nursing.

3

17. In or about fall 2005, in Makati City, Philippines, Defendant Norma Baja told Ms. Baoanan that she would arrange for Ms. Baoanan to come to the U.S. to work as a nurse in exchange for 500,000 Philippine pesos (about $10,000). As part of the "package deal," Ms. Baoanan would get transportation to the U.S., a visa, work authorization, and assistance with finding employment as a nurse.

18. Defendant Norma Baja gave Ms. Baoanan approximately one week to consider the "package deal." During the course of this week, Defendant called Maglalang four or five times to see whether Ms. Baoanan would agree.

19. When Ms. Baoanan was not able to produce 500,000 pesos, Defendant Norma Baja told Ms. Baoanan that 250,000 pesos (about $5,000) would be sufficient. Plaintiff paid 250,000 pesos in three installments.

    a. On or about November 30, 2005, she paid Defendant Norma Baja 50,000 pesos.

    b. On or about January 4, 2006, she paid Wilma Mayores, staff at Defendant Labaire, 100,000 pesos.

    c. On or about January 9, 2006, she paid Wilma Mayores, staff at Defendant Labaire, 100,000 pesos.

20. Defendant Norma Baja asked for and received Ms. Baoanan's green passport, a regular passport issued to any citizen of the Philippines.

21. In or about the second week of December 2005, Ms. Baoanan met Defendant Norma Baja and Maglalang at Defendant's condominium in Makati City. Defendant Norma Baja had Ms. Baoanan sign a "contract" that she was not allowed to read before signing. Defendant said, "Just sign this here. Don't ask questions if you want to go to America."

22. Defendant Norma Baja and Malou, staff from Defendant Labaire, accompanied Ms. Baoanan and another woman named, upon information or belief, Dorie, to the Philippines Department of Foreign Affairs to, upon information or belief, apply for a new passport. Defendant Norma Baja directed Ms. Baoanan to say that she was going to be Defendant Norma Baja's domestic worker in order to expedite the passport application process.

23. Upon information or belief, Dorie was supposed to be Defendants Bajas' domestic worker.

24. In or about December 2005, Defendant Norma Baja arranged for Malou, staff from Defendant Labaire, to have Ms. Baoanan and Dorie stay in an apartel located behind Defendant Labaire's office in Makati City to be on standby for a flight to the U.S. An apartel is a complex that is a cross between an apartment and a hotel. Upon information or belief, Defendant Norma Baja is owner or part-owner of the apartel. Ms. Baoanan stayed at that apartel for approximately one week.

25. Upon information or belief, Defendant Norma Baja left for the U.S. on or about December 30, 2005.

26. Malou, staff from Defendant Labaire, accompanied Ms. Baoanan and Dorie to the Embassy of the U.S. in Manila in or about January 2006.

27. Upon information or belief, Defendant Norma Baja delayed or stopped the visa application process for Dorie because she could not or would not pay Defendant Norma Baja certain fees upfront.

28. On or about January 11, 2006, Malou, staff of Defendant Labaire, gave Plaintiff a new, red passport, upon information or belief, an official passport issued to members of the Philippines government for use on official business and to employees of Philippine diplomatic posts abroad who are not members of the diplomatic service.

29. Malou, staff from Defendant Labaire, and Maglalang transported Ms. Baoanan from the apartel to the Ninoy Aquino International Airport on or about January 12, 2006.

30. On or about January 12, 2006, Ms. Baoanan left for the U.S.

31. Upon information or belief, Defendant Labaire continues to operate as a travel agency in the U.S. and the Philippines.

32. Upon information or belief, Defendant Labaire retained copies of Ms. Baoanan's alleged December 2005 contract, U.S. consulate forms, receipts of Ms. Baoanan's three payment installments, and her travel itinerary.

33. The driver for Defendants Bajas met Ms. Baoanan at the airport and drove her directly to the household of Defendants Bajas at, upon information or belief, 15 East 66th Street, New York, NY 10065.

34. Upon Ms. Baoanan's arrival at Defendant Bajas' home, Defendant Norma Baja told Ms. Baoanan that she had to work for Defendants Bajas for six months to pay off the remaining 250,000 pesos.

35. Defendant Norma Baja took Ms. Baoanan's red passport.

36. Ms. Baoanan was a domestic worker of Defendants Lauro Baja, Norma Baja, and Elizabeth Facundo from on or about January 13, 2006 to on or about April 13, 2006.

37. Ms. Baoanan was a domestic worker of Defendants Bajas at the Defendants' residence located at, upon information or belief, 15 East 66th Street, New York, NY 10065.

38. Ms. Baoanan's duties included cooking, cleaning, doing the laundry, ironing the clothes, monitoring the diabetes and blood pressure of Defendant Norma Baja, providing child care for Defendant Elizabeth Facundo's son, Miguel, and other general household duties.

Additionally, Ms. Baoanan had to prepare and clean up for Defendants Bajas' weekly parties, which consisted of at least thirty guests.

39. Defendants Lauro Baja, Norma Baja, and Elizabeth Facundo directed Ms. Baoanan in her household and child-care duties and, thus, Ms. Baoanan did not have any one particular person in charge among the Defendants Bajas.

40. Defendants Lauro and Norma Baja did not pay Ms. Baoanan.

41. During the period of time when Ms. Baoanan was a domestic worker in the home of Defendants Bajas, Defendant Elizabeth Facundo directed Ms. Baoanan to care for her son, Miguel, and paid Ms. Baoanan a total of $100 for such child-care.

42. Ms. Baoanan worked approximately 126 hours per week from on or about January 13, 2006 to on or about April 13, 2006.

43. Defendants Bajas limited Ms. Baoanan's meals merely to leftovers. Defendant Elizabeth Facundo sometimes watched Ms. Baoanan as she ate, humiliating Ms. Baoanan and preventing her from eating further.

44. Defendant Norma Baja forced Ms. Baoanan to go grocery shopping with her during the winter wearing only summer clothes, sandals, and no jacket.

45. Defendants Bajas forced Ms. Baoanan to sleep with only a sheet that Ms. Baoanan brought with her from the Philippines.

46. Defendants Bajas restricted Ms. Baoanan's movement by preventing her from leaving the Baja household unaccompanied.

47. Defendants Norma Baja and Elizabeth Facundo restricted Ms. Baoanan from using the house telephone.

48. Defendant Elizabeth Facundo monitored Ms. Baoanan's movements and her child care of Miguel by giving Ms. Baoanan a cell phone.

49. Ms. Baoanan did not know who to call in New York for help, including the police.

50. Prior to January 13, 2006, Ms. Baoanan had never been to the United States and, at all times relevant to this action, did not know where she could go for help in New York.

51. At all times relevant to this action, Ms. Baoanan understood English but she could not speak English.

52. Defendant Lauro Baja refused to discipline Miguel when Miguel hit Ms. Baoanan with a broom, spit in her face, and kicked her in the face in front of Defendant Lauro Baja.

53. Defendants Bajas verbally abused and disparaged Ms. Baoanan, calling her "stupid" and "slow."

54. Defendants Norma Baja and Elizabeth Facundo yelled, denigrated, and cursed at Ms. Baoanan when she asked why she was doing housework instead of working as a nurse and when Ms. Baoanan complained about her alleged debt to Defendants.

55. Upon information or belief, at all times relevant to this action, Defendants and their associates had the contact information, such as addresses and phone numbers, of Ms. Baoanan's family members in the Philippines, including her husband, children, mother, and sister.

56. Defendant Norma Baja had the power to hire Plaintiff, and did so.

57. Defendants Lauro Baja, Norma Baja, and Elizabeth Facundo each had the power to fire Plaintiff.

58. Defendants Lauro Baja, Norma Baja, and Elizabeth Facundo each had the power to set the schedules of Plaintiff, and did so.

59. Defendants Lauro Baja, Norma Baja, and Elizabeth Facundo each had the power to supervise Plaintiff, and did so.

60. Defendants Lauro Baja, Norma Baja, and Elizabeth Facundo each had the power to control the work conditions in the household.

61. Ms. Baoanan was never paid the proper federal minimum wage for all of her hours of work for Defendants Bajas.

62. Ms. Baoanan was never paid the proper state minimum wage for all of her hours of work for Defendants Bajas.

63. Ms. Baoanan was never paid state overtime for her hours over forty (40) hours per week of work for Defendants Bajas.

64. Upon information and belief, Defendants Bajas willfully and intentionally did not maintain proper employment records of Ms. Baoanan's employment.

65. Defendants Bajas willfully and intentionally failed to pay Ms. Baoanan her lawful wages.

66. Upon information or belief, Defendant Labaire facilitated all travel arrangements for all travelers and migrants who were recruited by Defendant Norma Baja and Maglalang.

67. Defendants entered into a common plan and scheme to traffic Plaintiff to the U.S. for labor or services.

68. Defendants Lauro and Norma Baja and Defendant Labaire jointly collected 250,000 pesos (or $5,000) in furtherance of this agreement.

69. Defendant Labaire, at the direction of Defendant Norma Baja, harbored Plaintiff for approximately one week in furtherance of this agreement.

70. Defendants Bajas obtained Plaintiff's labor or services in furtherance of this agreement.

71. Plaintiff was deprived of 250,000 pesos (or $5,000) and wages for labor and services provided over the course of three months, and she endured pain and suffering.

## FIRST CAUSE OF ACTION
### Forced Labor
(18 U.S.C. §§ 1589, 1595)

72. Plaintiff alleges and re-alleges the paragraphs above.

73. Plaintiff is bringing this cause of action against all Defendants.

74. Plaintiff is authorized to bring these civil claims against Defendants pursuant to the civil remedies provision of the Trafficking Victims Protection Reauthorization Act.  18 U.S.C. § 1595.

75. Defendant Labaire and Defendant Norma Baja knowingly provided the labor and/or services of Plaintiff to Defendants Bajas by abuse or threatened abuse of law or the legal process.

76. Defendants knowingly obtained the labor and/or services of Plaintiff by threats of physical restraint against Plaintiff.

77. Defendants Bajas knowingly obtained the labor and/or services of Plaintiff by threats of serious harm to Plaintiff's family in the Philippines.

78. Defendants knowingly obtained the labor and/or services of Plaintiff by means of a scheme, pattern, or plan intended to cause Plaintiff to believe that, if she did not perform such labor or services, Plaintiff or her family would suffer serious harm or physical restraint.

79. Defendants knowingly obtained the labor and/or services of Plaintiff by taking her passports and by other means of abuse or threatened abuse of law or the legal process.

80. Defendants Labaire and Defendants Norma and Lauro Baja knowingly benefited financially from the provision of Plaintiff's labor and services.

81. Defendants Bajas knowingly benefited from the obtaining of Plaintiffs labor and services by receiving such labor and services without providing compensation to Plaintiff.

82. Defendants' knowing and intentional acts constitute a violation of 18 U.S.C. § 1589.

83. Plaintiff suffered injuries as a result of these actions.

84. Plaintiff is entitled to an award of compensatory and punitive damages to be determined, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
**Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor**
(18 U.S.C. §§ 1590, 1595)

85. Plaintiff alleges and re-alleges the paragraphs above.

86. Plaintiff is bringing this cause of action against all Defendants.

87. Plaintiff is authorized to bring these civil claims against Defendants pursuant to the civil remedies provision of the Trafficking Victims Protection Reauthorization Act. 18 U.S.C. § 1595.

88. Defendants agreed to recruit, harbor, transport, provide, and obtain Plaintiff for labor or services by force, fraud, or coercion.

89. Defendant Labaire knowingly recruited, harbored, transported, and provided Plaintiff in violation of 18 U.S.C. § 1590 by fraud for labor or services.

90. Defendants Bajas knowingly obtained Plaintiff in violation of 18 U.S.C. § 1590 by force, fraud, or coercion for labor or services for the purpose of subjecting her to a condition of involuntary servitude, debt bondage, or slavery.

91. Plaintiff suffered injuries as a result of these actions.

92. Plaintiff is entitled to an award of compensatory and punitive damages to be determined, damages as a result of pain and suffering, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION

### Slavery, Peonage, and Involuntary Servitude

(U.S. Const. amend. XIII, 18 U.S.C. §§ 1581 and 1584, 42 U.S.C. § 1994)

93. Plaintiff alleges and re-alleges the paragraphs above.

94. Plaintiff is bringing this cause of action against all Defendants.

95. Defendants Bajas held Plaintiff in a condition of peonage, in violation of the Thirteenth Amendment of the U.S. Constitution, 18 U.S.C. § 1581, and 42 U.S.C. § 1994.

96. Defendants knowingly and willfully held Plaintiff in involuntary servitude, in violation of 18 U.S.C. § 1584, which incorporates the Thirteenth Amendment's bar on slavery and involuntary servitude.

97. Defendants knowingly and willfully brought Plaintiff to the U.S. to be held in a condition of involuntary servitude, in violation of 18 U.S.C. § 1584, which incorporates the Thirteenth Amendment's bar on slavery and involuntary servitude.

98. Plaintiff suffered injuries as a result of these actions.

99. Plaintiff is entitled to an award of compensatory and punitive damages to be determined, damages as a result of pain and suffering, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION

### Unlawful Conduct with Respect to Documents in Furtherance of Trafficking, Peonage, Slavery, Involuntary Servitude, or Forced Labor

(18 U.S.C. § 1592)

100. Plaintiff alleges and re-alleges the paragraphs above.

101. Plaintiff is bringing this cause of action against Defendants Bajas.

102. Defendants Bajas violated 18 U.S.C. § 1592.

103. Defendant Norma Baja knowingly removed, confiscated, or possessed Plaintiff's first (green) passport in the course of violating 18 U.S.C. §§ 1581, 1584, 1589, and 1590 with the intent to violate 18 U.S.C. §§ 1581, 1584, 1589, and 1590.

104. Defendant Norma Baja knowingly removed, confiscated, or possessed Plaintiff's first (green) passport to prevent or restrict or to attempt to prevent or restrict, without lawful authority, Plaintiff's liberty to move or travel, in order to maintain the labor or services of Plaintiff, when Plaintiff was a victim of a severe form of trafficking in persons.

105. Defendants Bajas knowingly removed, confiscated, or possessed Plaintiff's second (red diplomatic) passport in the course of violating 18 U.S.C. §§ 1581, 1584, 1589, and 1590 with the intent to violate 18 U.S.C. §§ 1581, 1584, 1589, and 1590.

106. Defendants Bajas knowingly removed, confiscated, or possessed Plaintiff's passports to prevent or restrict or to attempt to prevent or restrict, without lawful authority, Plaintiff's liberty to move or travel, in order to maintain the labor or services of Plaintiff, when Plaintiff was a victim of a severe form of trafficking in persons.

107. Plaintiff is entitled to an award of compensatory and punitive damages to be determined, damages as a result of pain and suffering, attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION
### Alien Tort Claims Act
(28 U.S.C. § 1350)

108. Plaintiff alleges and re-alleges the paragraphs above.

109. Plaintiff is bringing this cause of action against all Defendants.

110. Plaintiff brings this claim pursuant to the Alien Tort Claims Act.  28 U.S.C. § 1350.

111. Defendants committed the torts of forced labor, slavery, involuntary servitude, and debt peonage through the use of force, fraud, and/or coercion in violation of the law of nations.

The controlling law of nations includes, but is not limited to, the following: (1) Universal Declaration of Human Rights, G.A. Res. 217A (III), at 71, U.N. GAOR, 3d Sess., 1st plen. Mtg., U.N. Doc. A/810 (Dec. 12, 1948); (2) the International Covenant on Civil and Political Rights, Dec. 19, 1966, 61 I.L.M. 368, 999 U.N.T.S. 171; (3) the Slavery Convention on the Abolition of Slavery, the Slave Trade and Institutions and Practices Similar to Slavery, Sept. 7, 1956, 18 U.S.T. 3201, 266 U.N.T.S. 3; (4) the International Labour Organisation (ILO), on Fundamental Principles and Rights at Work, International Labour Conference (ILC) 86th Sess., June 19, 1998, § 2(c), 37 I.L.M. 1233; the Convention Concerning Forced or Compulsory Labour, June 28, 1930, 39 U.N.T.S. 55; and (5) the Convention Concerning the Abolition of Forced Labour, June 25, 1957, 320 U.N.T.S. 291.

112. Plaintiff suffered injuries as a result of these actions.

## SIXTH CAUSE OF ACTION
## Federal Minimum Wage Violation
(29 U.S.C. § 201 et seq.)

113. Plaintiff alleges and re-alleges the paragraphs above.

114. Plaintiff is bringing this cause of action against all Defendants.

115. Defendant Labaire knowingly provided Plaintiff to Defendants Bajas for labor or services for little or no pay in violation of the federal minimum wage.

116. Throughout Plaintiff's employment, Defendants Bajas paid her an hourly rate far less than the full minimum wage in violation of 29 U.S.C. §§ 206 and 218.

117. Defendants' intentional failure to pay Plaintiff the proper federal minimum wage violates 29 U.S.C. § 201 et seq. and U.S. Department of Labor regulations.

118. Plaintiff is entitled to an award of damages for unpaid minimum wages in an amount equal to the proper federal minimum wage Plaintiff should have been paid, liquidated damages, attorneys' fees, and costs.

## SEVENTH CAUSE OF ACTION

### State Minimum Wage Violation

(N.Y. Lab. L. §§ 190 et seq. and 650 et seq.)

119. Plaintiff alleges and re-alleges the paragraphs above.

120. Plaintiff is bringing this cause of action against all Defendants.

121. Defendant Labaire knowingly provided Plaintiff to Defendants Bajas for labor or services for little or no pay in violation of the state minimum wage.

122. In all periods of Plaintiff's employment, Defendants Bajas failed to pay Plaintiff the proper minimum wage, as required by New York state law.  N.Y. Lab. L. § 650 et seq.  As of January 1, 2006, New York law requires New York employers to pay employees at least $6.75 per hour for each hour of time worked up to forty-four hours of work per week, as codified in N.Y. Lab. L. § 652.

123. Defendants Bajas' intentional failure to pay Plaintiff the proper minimum wage violates N.Y. Lab. L. §§ 190 et seq. and 650 et seq. and New York Department of Labor regulations.

124. Plaintiff is entitled to an award of damages for unpaid minimum wages in an amount equal to the proper state minimum wage Plaintiff should have been paid, liquidated damages, attorneys' fees, and costs.

## EIGHTH CAUSE OF ACTION

### Unlawful Deductions from Wages

(N.Y. Lab. L. § 193 et seq.)

125. Plaintiff alleges and re-alleges the paragraphs above.

126. Plaintiff is bringing this cause of action against all Defendants.

127. Defendant Labaire knowingly provided Plaintiff to Defendants Bajas for labor or services where Plaintiff's wages were unlawfully deducted.

128. In all periods of Plaintiff's employment, Defendants Bajas made deductions that were both not for the benefit of the Plaintiff and exceeded the maximum percentage of wages deducted from Plaintiff's wages in violation of N.Y. Lab. L. § 193.

129. Defendants Bajas' willful decision to make unlawful deductions violates N.Y. Lab L. § 193.

130. Plaintiff is entitled to an award of damages for unlawful deductions from wages in an amount equal to the deducted wages Plaintiff should have been paid, liquidated damages, attorneys' fees, and costs.

## NINTH CAUSE OF ACTION

### State Overtime Violations

(N.Y. Lab. L. §§ 190 et seq. and 650 et seq., N.Y.C.R.R. § 142-2.2)

131. Plaintiff alleges and re-alleges the paragraphs above.

132. Plaintiff is bringing this cause of action against all Defendants.

133. Defendant Labaire knowingly provided Plaintiff to Defendants Bajas for labor or services for little or no pay in violation of state overtime laws.

134. In all periods of Plaintiff's employment, Defendants Bajas failed to pay Plaintiff's overtime pay for work in excess of forty-four hours per week.

135. Defendants Bajas' intentional failure to pay Plaintiff overtime minimum wages for work over forty-four hours per week violates N.Y. Lab. L. §§ 190 et seq. and 650 et seq., and New York Department of Labor regulations, 12 N.Y.C.R.R. § 142-2.2.

136. Plaintiff is entitled to an award of damages for overtime pay for work over forty-four hours per week in an amount equal to the proper state overtime premium Plaintiff should have been paid, liquidated damages, attorneys' fees, and costs.

## TENTH CAUSE OF ACTION

### Spread of Hours Violations

(N.Y. Lab. L. §§ 190 et seq. and 650 et seq. and N.Y.C.R.R. § 142-2.4)

137. Plaintiff alleges and re-alleges the paragraphs above.

138. Plaintiff is bringing this cause of action against all Defendants.

139. Defendant Labaire knowingly provided Plaintiff to Defendants Bajas for labor or services for little or no pay in violation of state employment law.

140. Defendants Bajas' intentional failure to pay Plaintiff an extra hour's pay for every day that Plaintiff worked in excess of ten hours violates N.Y. Lab. L. §§ 190 et seq. and 650 et seq. and New York Department of Labor regulations, 12 N.Y.C.R.R. § 142-2.4.

141. Plaintiff is entitled to an award of an extra hour's pay for every day that Plaintiff worked in excess of ten hours in an amount pursuant to N.Y. Lab. L. §§ 190 et seq. and 650 et seq. and New York Department of Labor regulations, 12 N.Y.C.R.R. § 142-2.4, liquidated damages, attorneys' fees, and costs.

## ELEVENTH CAUSE OF ACTION
### Fraud

142. Plaintiff alleges and re-alleges the paragraphs above.

143. Plaintiff is bringing this cause of action against Defendants Lauro and Norma Baja and Defendant Labaire.

144. Defendants Lauro and Norma Baja and Defendant Labaire agreed to defraud Plaintiff.

145. Defendants Lauro and Norma Baja and Defendant Labaire made misrepresentations and material omissions of fact which were false to Plaintiff regarding the nature of her financial agreement and debt, travel, immigrant visa, employment and work, and conditions upon arrival in the U.S.

146. Defendants Lauro and Norma Baja and Defendant Labaire knew these misrepresentations to be false.

147. Defendants Lauro and Norma Baja and Defendant Labaire made these misrepresentations for the purpose of inducing Plaintiff to rely upon them.

148. Plaintiff justifiably relied on these misrepresentations and material omissions of fact.

149. Plaintiff severely suffered injury as a result of these misrepresentations and material omissions of fact made by Defendants.

150. Defendants' behavior constitutes an intentional fraud.

151. Plaintiff is entitled to compensatory and punitive damages to be determined, attorneys' fees, and costs.

## TWELFTH CAUSE OF ACTION
### Conversion

152. Plaintiff alleges and re-alleges the paragraphs above.

153. Plaintiff brings this cause of action against Defendants Bajas.

154. Defendants Bajas agreed to deprive Plaintiff of her wages for the labor and services she performed for them.

155. Defendants exercised unauthorized dominion and control over federal and state minimum wage and overtime wages of Plaintiff which interfered with and was in defiance of a superior possessory right of Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff respectfully requests that a judgment be granted as follows:

a. Awarding Plaintiff compensatory damages, liquidated damages, punitive damages, treble damages, and prejudgment interest;

b. Awarding Plaintiff her attorney's fees and costs; and,

c. Granting such other and further relief as is just and proper.


Dated: August 17 , 2009
     New York, NY


_____/s/_____
Aaron Mendelsohn
TROUTMAN SANDERS
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 704-6158


_____/s/_____
Ivy O. Suriyopas
ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND
99 Hudson Street, 12th Floor
New York, New York 10013
212-966-5932 x235

Attorneys for Plaintiff