UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

**MARICHU SUAREZ BAOANAN**,

DOCKET  No. **08-CV-5692**

*Plaintiff*,

**DEFENDANTS' LAURO L. BAJA,
NORMA C. BAJA AND MARIA
ELIZABETH FACUNDO ANSWER
TO FIRST AMENDED COMPLAINT**

-Against-

**LAURO LIBOON BAJA, JR.,
NORMA CASTRO BAJA,
MARIA ELIZABETH BAJA FACUNDO, and
LABAIRE INTERNATIONAL TRAVEL, INC.,**

**JURY TRIAL DEMANDED**

*Defendants*.

------------------------------------------------------------- x

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Defendants Lauro L. Baja, Jr., Norma Baja and Maria Beth Baja Facundo (hereinafter "Facundo"), respectfully state in answer to the First Amended Complaint, as follows:

## ADMISSIONS AND DENIALS

## PRELIMINARY STATEMENT

1.      Defendants admit the allegation in ¶ 1 that Plaintiff worked in the household of Defendants Lauro Baja, Jr., Norma C. Baja, and Maria Elizabeth B. Facundo as a domestic worker for approximately three months but denies the rest of allegations for lack of knowledge sufficient to form a belief as to the truth thereof.

2.      Defendants deny the allegations in  ¶ 2, that defendants "forced" Baoanan to work 18 hours a day, seven days a week the truth being that plaintiff worked not more than the hours stated in her Contract of Employment attached to this answer as Exhibit " A", did not do overtime work and took her regular days off.  Plaintiff was paid her regular pay as

stated in the contract and had an advance of one month's pay before she  left the Philippines as stated in the contract. The statement that she was paid only $100 is false.

3,      Defendants deny that allegations in par. 3 as material falsehood.  As stated in her contract, Exhibit "A" plaintiff voluntarily left the Philippines to be employed by defendants Lauro and Norma Baja as a domestic helper.  Defendants deny all the allegations in ¶ 3 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4.      Defendants deny the allegations in ¶ 4; the truth being that in accordance with plaintiff's contract, Exhibit "A," 80 percent of her salary was remitted or paid to her husband in the Philippines regularly.

5.      Defendants deny the allegations in ¶ 5; that plaintiff  worked more than 40 hours a week, the truth being that she worked regularly 40 hours a week as stated in the contract, Exhibit "A".

6.      Defendants deny the allegations in ¶ 6 , the truth being she was overpaid at the time she left; defendants deny the rest of the allegations as conclusions of law and direct the court to the law controlling such legal conclusions.

7.      Defendants deny the allegations in ¶ 7 and refer the court to the law controlling the legal conclusions alleged therein

## JURISDICTION AND VENUE

8.      Defendants deny the allegations in ¶8 as a legal conclusion and respectfully refer the court to the law controlling the legal conclusions asserted therein.

## PARTIES

9.      Defendants admit the allegations in par. 9,

10.     Defendants admit the allegations in par. 10.

11.     Defendants admit the allegations in par. 11.

12.     Defendants admit the allegations in par. 12.

13.     Defendants admit only the allegation in par. 13 that "Defendant Labaire International Travel, Inc. is a travel agency"; " had offices at ..... G/F South Super Highway cor. General Malvar Street, Makati City" and that defendant Norma Baja was part owner or President of Labaire but deny the rest of the allegation for lack of knowledge and information sufficient to form a belief as to the truth thereof. Defendant Labaire specifically denies the allegation that it is an employment agency as the phrase "employment agency" is defined by pertinent laws of the Philippines [1] and New York State law [2] and that Labaire had offices at 60 East 42nd Street, Room 758 , New York, NY 10017, the truth being that at all times material to plaintiff's causes of action there was another Labaire International Travel, Inc., a New York corporation owned and operated by Romeo Castro which maintained said offices, independently of Labaire. A copy of Labaire International Travel, Inc's New York incorporation papers are attached hereto as Exhibit "B' and made part hereof.

14.     Defendants admit the allegations in¶ 14 that plaintiff was a domestic worker but deny the rest of the allegations and refer to the court the law controlling the legal conclusions.

---

[1]. Presidential Decree 442, Labor Code of the Philippines, Art. 13 (d) defining a Philippine employment agency.

[2]. New York Employment Agency law requires registration and license, Consolidated Laws of New York General Business Law, § 171 *et seq* .

-3-

## STATEMENT OF FACTS

15.    Defendants admit only the allegation in ¶ 15 that "In or about fall 2005, Ms. Baoanan met

Defendant Norma Baja in the Philippines and deny the rest of the allegations for lack of

knowledge or information sufficient to form a belief as to the truth of the rest of the

allegations.

16.    Defendants deny the allegation in ¶ 16, that Ms. Baoanan graduated from Unciano

Colleges and General Hospital with a Bachelor of Science degree in Nursing" as a

material falsehood and affirmatively assert that according to available records from the

Philippine Commission on Higher Education plaintiff never graduated from said Unciano

Colleges and General Hospital and a copy of said certification is attached hereto and

made part of this Answer as Exhibit "C", and in fact plaintiff received failing grades

according to the transcript of school records from Unciano Colleges.

17.    Defendants deny the allegations in ¶ 17 and that there was ever was a "package deal" for

lack of knowledge or information sufficient to form a belief as to the truth thereof; the

truth being that plaintiff signed a Contract of Employment with Lauro Baja accepting

employment as a domestic worker in New York. A copy of the contract is attached hereto

as  Exhibit "A" and made an integral part hereof.

18.    Defendants deny the allegations in ¶18 for lack of knowledge or information sufficient to

form a belief as to the truth thereof.

19.    Defendants deny having knowledge or information sufficient to form a belief as to the

truth of the allegations in ¶ 19.

20.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 20.

21.     Defendants admit only the allegation in ¶ 21 that Defendant Norma Baja had Ms. Baoanan sign a "contract" and that is a Contract of Employment, a copy of which is attached hereto as Exhibit "A".  Defendants deny knowledge or information sufficient to form a belief as to truth of the rest of the allegations thereof.

22.     Defendants deny the allegations in ¶22  for lack of sufficient knowledge or information sufficient to from a belief as to the truth thereof.

23.     Defendants deny the allegations in ¶23  for lack of sufficient knowledge or information sufficient to from a belief as to the truth thereof.

24.     Defendants deny the allegations in ¶24  for lack of sufficient knowledge or information sufficient to from a belief as to the truth thereof.

25.     Defendants deny the allegations in ¶25  for lack of sufficient knowledge or information sufficient to from a belief as to the truth thereof.

26.     Defendants deny the allegations in ¶26  for lack of sufficient knowledge or information sufficient to from a belief as to the truth thereof.

27.     Defendants deny the allegations in ¶27  for lack of sufficient knowledge or information sufficient to from a belief as to the truth thereof.

28.     Defendants admit only the allegations that plaintiff was issued a Philippine diplomatic passport for her employment as a domestic helper of the Bajas pursuant to her contract and deny the rest of the allegations in ¶ 28  for lack of knowledge or information sufficient to from a belief as to the truth thereof.

29.     Defendants deny the allegations in ¶29 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

30.     Defendants admit allegations in ¶ 30.

31.     Defendants admit only the allegations in¶31 that Labaire continues to operate as a travel agency in the Philippines but deny that Labaire continues to operate as such in the U.S. for lack of knowledge sufficient to form a belief as to the truth thereof.

32.     Defendants deny the allegations in¶32 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

33.     Defendants admit the allegations in ¶33.

34.     Defendants deny the allegations in ¶ 34 for lack knowledge or information sufficient to form a belief as to the truth thereof.

35.     Defendants deny the allegations in ¶35 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

36.     Defendants admit only the allegations in ¶36 that plaintiff was a domestic worker for Lauro and Norma Baja but deny as to the allegation that plaintiff worked as such domestic worker for defendant Facundo.

37.     Defendants admit the allegation in ¶ 37.

38.     Defendants deny the allegations in ¶38 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

39.     Defendants deny the allegations in ¶ 39 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

40.     Defendants deny the allegations in ¶40, for lack of knowledge or information sufficient to form a belief as to the truth thereof.

41.     Defendants deny the allegations in ¶ 41 for lack of knowledge or information sufficient to form a belief as to the truth thereof

42.     Defendants deny the allegations in ¶ 42 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

43.     Defendants deny the allegations in ¶ 43 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

44.     Defendants deny the allegations in ¶ 44 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

45.     Defendants deny the allegations in ¶ 45 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

46.     Defendants deny the allegations in ¶ 46 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

47.     Defendants admit the allegations in ¶47.

48.     Defendants admit the allegations in ¶48.

49.     Defendants deny the allegations in ¶49 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

50.     Defendants deny the allegations in ¶50 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

51.     Defendants deny the allegations in ¶51 as material falsehood.  Defendants request the court to take judicial notice of the fact that the Philippines is the only English speaking

country in Asia and the Philippine educational system was designed by the United States to be in English since the Philippines was ceded to by Spain to the United States under the Treaty of Paris in 1898. Plaintiff's school records will show that she passed English from grade school to college.  Plaintiff's transcript of school records from Unciano Colleges shows that she passed oral English subjects. Exhibit "B" pp 3 to 5. All Philippine laws are written in English and the first Constitution of the Philippines is an exact copy of the U.S. Constitution and the first Supreme Court Justices of the Philippines were American lawyers. Defendants request the court to take judicial notice that all Philippine television stations and all major newspapers are in English and that there is a local version in the Philippines of 911 and the format of the Philippines phone book is also in English so much so that if plaintiff did not speak English she could read English.  The Immigration laws governing employment based petitions of foreign educated nurses in the United States require the applicant, such as plaintiff, to pass TOEFEL and Test of Spoken English (TSE). Plaintiff spoke to Miguel Facundo in English because Miguel does not speak the Filipino language.

52.     Defendants deny the allegations in ¶52 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

53.     Defendants deny the allegations in ¶ 53 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

54.     Defendants deny the allegations in ¶54 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

55.     Defendants deny the allegations in ¶55 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

56.     Defendants admit the allegations in ¶ 56 .

57.     Defendants admit only the allegations in ¶57 that defendants Lauro Baja and Norma Baja had the power to fire plaintiff but the deny the rest of the allegations.

58.     Defendants admit only the allegations in ¶58. that defendants Lauro Baja and Norma Baja had the power to set the schedules but the deny the rest of the allegations.

59.     Defendants admit only the allegations in ¶59 that Lauro Baja and Norma Baja had the power to supervise plaintiff but deny the rest of the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the rest of the allegations.

60.     Defendants admit only the allegations in ¶ 60 that defendants Lauro Baja and Norma Baja had the power to control the work conditions of the household but deny the rest of the allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

61.     Defendants deny all the allegations contained in ¶ 61 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

62.     Defendants deny all the allegations contained in ¶ 62 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

63.     Defendants deny all the allegations contained in ¶ 63 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

64.     Defendants deny all the allegations contained in ¶ 64 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

65.     Defendants deny all the allegations contained in ¶ 65 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

66.     Defendants deny all the allegations contained in ¶ 66 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

67.     Defendants deny all the allegations contained in ¶ 67 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

68.     Defendants deny all the allegations contained in ¶ 68 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

69.     Defendants deny all the allegations contained in¶ 69 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

70.     Defendants deny all the allegations contained in ¶ 70 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

71.     Defendants deny all the allegations contained in ¶ 71 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## FIRST CAUSE OF ACTION

72.     Defendants repeat the responses to each allegation incorporated by reference in ¶ 72 as are made in response to the allegations referred to in ¶72 with the same force and effect as if set forth herein.

73.     The allegation in ¶ 73 needs no admission or denial.

74.     Defendants deny all the allegations contained in ¶ 74 as a legal conclusion and refer the court to the law controlling such legal conclusions asserted.

75.     Defendants deny the allegations in ¶75 as a formulaic recitation of the law stating a cause of action and refer the court to the law controlling such legal conclusions asserted.

76.     Defendants deny the allegations in ¶76 as a formulaic recitation of the law stating an element of a cause of action and refer the court to the law controlling such legal conclusions asserted.

77.     Defendants deny the allegations in¶77 as a formulaic recitation of the law stating an element of a cause of action and refer the court to the law controlling such legal conclusions asserted.

78.     Defendants deny the allegations in ¶ 78 as a formulaic recitation of the law stating an element of a cause of action and refer the court to the law controlling such legal conclusions asserted.

79.     Defendants deny the allegations in ¶ 79 as a formulaic recitation of the law stating an element of a cause of action and refer the court to the law controlling such legal conclusions asserted.

80.     Defendants deny the allegations in ¶ 80 as a formulaic recitation of the law stating an element of a cause of action and refer the court to the law controlling such legal conclusions asserted.

81.     Defendants deny the allegations in ¶ 81 as a formulaic recitation of the law stating an element of a cause of action and refer the court to the law controlling such legal conclusions asserted.

82.     Paragraph 82 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

83.     Defendants deny the allegations in ¶ 83 as an erroneous legal conclusion  and refer the court to the law controlling such legal conclusion.

84.     Defendants deny the allegations in ¶ 84 as an erroneous legal conclusion and refer the court to the law controlling such legal conclusion.

### SECOND CAUSE OF ACTION

85.     Defendant repeats the responses to each allegation incorporated by reference in ¶ 85 as are made in response to the allegations referred to in ¶ 85, with the same force and effect as if set forth herein.

86.     Plaintiff's allegations in ¶ 86 require neither admission not denial.

87.     Defendants deny the allegations in ¶ 87 and refer the court to the law controlling the legal conclusions asserted.

88.     Defendants deny the allegations in ¶88 as a formulaic recitation of the law stating an element of a cause of action and refer the court to the law controlling such legal conclusions asserted.

89.     Defendants deny the allegations in ¶ 89 as a formulaic recitation of the law stating an element of a cause of action and refer the court to the law controlling such legal conclusions asserted.

90.     Defendants deny the allegations in ¶ 90 as a formulaic recitation of the law stating an element of a cause of action and refer the court to the law controlling such legal conclusions asserted.

91.     Paragraph 91 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.  Additionally, plaintiff fails to state how she

suffered injuries from her own scheme to go to the United States under false pretenses.

92.    Paragraph 92 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

### THIRD CAUSE OF ACTION

93.    Defendants repeat the responses to each of the allegations incorporated by reference in ¶93 as are made in response to the allegations referred to in ¶93, with the same force and effect as if set forth herein.

94.    The allegations in ¶ 94 require neither admission nor denial.

95.    Defendants deny the allegations in ¶ 95 as a formulaic recitation of the law stating an element of a cause of action and refer the court to the law controlling such legal conclusions asserted.

96.    Paragraph 96 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

97.    Paragraph 97 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

98.    Paragraph 98 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

99.    Paragraph 99 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted. Plaintiff has failed to allege facts to justify a claim for punitive damages.

### FOURTH CAUSE OF ACTION

100.    Defendants repeat the responses to each of the allegations incorporated by reference in

-13-

¶100 as are made in response to the allegations in each of the paragraphs referred to in ¶100, with the same force and effect as if set forth herein.

101.    The allegations in ¶101 require neither admission or denial.

102.    Paragraph 102 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

103.    Defendants deny the allegations in ¶ 103 as a formulaic recitation of the law stating an element of a cause of action and refer the court to the law controlling such legal conclusions asserted.

104.    Defendants deny the allegations in ¶104 as a formulaic recitation of the law stating an element of a cause of action and refer the court to the law controlling such legal conclusions asserted.

105.    Defendants deny the allegations in¶105 as a formulaic recitation of the law stating an element of a cause of action and refer the court to the law controlling such legal conclusions asserted.

106.    Defendants deny the allegations in ¶106 as a formulaic recitation of the law stating an element of a cause of action and refer the court to the law controlling such legal conclusions asserted.

107.    Paragraph 107 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted. Plaintiff has failed to allege facts tojustify a claim for punitive damages.

## FIFTH CAUSE OF ACTION

108.   Defendants repeat the responses to each of the allegations incorporated by reference in ¶ 108 as are made in response to the allegations in each of the paragraphs referred to in ¶108, with the same force and effect as if set forth herein.

109.   The allegations in ¶ 109 require neither admission or denial.

110.   Paragraph 110 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

111.   Defendants deny the allegations in¶ 111 as a formulaic recitation of the law stating an element of a cause of action and refer the court to the law controlling such legal conclusions asserted.

112.   Paragraph 110 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

## SIXTH CAUSE OF ACTION

113.   Defendants repeat the responses to each of the allegations incorporated by reference in ¶ 113 as are made in response to the allegations in each of the paragraphs referred to in ¶113, with the same force and effect as if set forth herein.

114.   The allegation in ¶ 114 requires neither admission or denial.

115.   Defendants deny all the allegations contained in ¶ 115 as labels, legal conclusions and formulaic recitation of the alleged cause of action and refer the court to the law controlling such legal conclusions asserted.

116.   Paragraph 116 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

-15-

117.    Paragraph 117 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

118.    Paragraph 118 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

**SEVENTH CAUSE OF ACTION**

119.    In response to the allegations in ¶119 Defendants refer to the preceding admissions and denials of the preceding paragraphs referred to in ¶119.

120.    The allegation in ¶ 120 needs neither admission nor denial.

121.    Defendants deny the allegations contained in ¶121 as labels and legal conclusions and refer the court to the law controlling the legal conclusions.

122.    Paragraph 122 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

123.    Paragraph 123 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

124.    Paragraph 124 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

**EIGHTH CAUSE OF ACTION**

125.    Defendants repeat the responses to each of the allegations incorporated by reference in ¶125 as are made in response to the allegations in each of the paragraphs referred to in ¶125, with the same force and effect as if set forth herein.

126.    Defendants deny the allegations in ¶126 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

127.    Defendants deny the allegations in ¶127 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

128.    Defendants deny the allegations in ¶128 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

129.    Paragraph 129 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

130.    Paragraph 130 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

## NINTH CAUSE OF ACTION

131.    Defendants repeat the responses to each of the allegations incorporated by reference in ¶131 as are made in response to the allegations in each of the paragraphs referred to in ¶131, with the same force and effect as if set forth herein.

132.    Defendants deny the allegations in ¶132 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

133.    Defendants deny the allegations in¶133 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

134.    Defendants deny the allegations in ¶134 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

135.    Paragraph 135 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

136.    Paragraph 136 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

**TENTH CAUSE OF ACTION**

137.    Defendants repeat the responses to each of the allegations incorporated by reference in

¶ 137 as are made in response to the allegations in each of the paragraphs referred to in

¶137, with the same force and effect as if set forth herein.

138.    Defendants deny the allegations in¶138 for lack of knowledge or information

sufficient to form a belief as to the truth thereof.

139.    Paragraph 139 alleges a legal conclusion and defendants refer the court to the law

controlling such legal conclusions asserted.

140.    Paragraph 140 alleges a legal conclusion and defendants refer the court to the law

controlling such legal conclusions asserted.

141.    Paragraph 141 alleges a legal conclusion and defendants refer the court to the law

controlling such legal conclusions asserted.

**ELEVENTH CAUSE OF ACTION**

142.    Defendants repeat the responses to each of the allegations incorporated by reference in

¶142 as are made in response to the allegations in each of the paragraphs referred to in

¶142, with the same force and effect as if set forth herein.

143.    Defendants deny the allegations in ¶143 for lack of knowledge or information

sufficient to form a belief as to the truth thereof.

144.    Defendants deny the allegations in ¶ 144 for lack of knowledge or information

sufficient to form a belief as to the truth thereof.

145.    Defendants deny the allegations in ¶ 145 for lack of knowledge or information

sufficient to form a belief as to the truth thereof. Plaintiff fails to allege with particularity

-18-

what misrepresentations and material omissions of facts were made by each defendant and whether plaintiff relied on them in violation of FRCP Rule 9 (b).

146. Defendants deny the allegations in ¶146 for lack of knowledge or information sufficient to form a belief as to the truth thereof. Plaintiff fails to allege with particularity what misrepresentations and material omissions of facts were made by each defendant and whether plaintiff relied on them in violation of FRCP Rule 9 (b).

147. Defendants deny the allegations in ¶147 for lack of knowledge or information sufficient to form a belief as to the truth thereof. Plaintiff fails to allege with particularity what misrepresentations and material omissions of facts were made by each defendant in violation of FRCP Rule 9 (b).

148. Defendants deny the allegations in ¶148 for lack of knowledge or information sufficient to form a belief as to the truth thereof. Plaintiff fails to allege with particularity what misrepresentations and material omissions of facts were made by each defendant in violation of FRCP Rule 9(b).

149. Paragraph 149 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

150. Paragraph 150 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted.

151. Paragraph 151 alleges a legal conclusion and defendants refer the court to the law controlling such legal conclusions asserted. Plaintiff fails to allege grounds for entitlement to punitive damages.

## **TWELFTH CAUSE OF ACTION**

152.     Defendants repeat the responses to each of the allegations incorporated by reference in

¶152 as are made in response to the allegations in each of the paragraphs referred to in

¶152, with the same force and effect as if set forth herein.

153.     Defendants deny the allegations in ¶ 153 for lack of knowledge or information

sufficient to form a belief as to the truth thereof.

154.     Defendants deny the allegations in ¶154 for lack of knowledge or information

sufficient to form a belief as to the truth thereof. Plaintiff fails to allege with specificity

and identification which of her funds were converted.

155.     Defendants deny the allegations in ¶ 155 for lack of knowledge or information

sufficient to form a belief as to the truth thereof. Plaintiff fails to allege with specificity

and identification which of her funds were converted.

## **AFFIRMATIVE DEFENSES TO THE CLAIMS**

156.     The first amended complaint fails to state a claim against defendants upon which relief

may be granted.

157.     Plaintiff failed to mitigate her damages.

158.     Plaintiff signed a contract of employment whereby she agreed to work for defendants

Lauro Baja and Norma Baja for two years and worked only for three months pursuant to

said contract. Under the doctrine of *Central School Dist. v. Cohen*, 60 Misc 2d 337, 1969

N.Y. Misc. LEXIS 1618 (N.Y. Misc. April 17, 1969), she could not claim her labor was

obtained by force, coercion or deceit.

159.   That upon information and belief, if plaintiff sustained injuries or damages at the time and place described in her first amended complaint they were proximately caused by the fault, carelessness and want of care on her part and not due to the want of care of defendants.

160.   The first amended complaint fails to state a cause of action for trafficking under 18 U.S.C. §§ 1590 and 1595 because plaintiff's labor or services was not obtained by any of the means stated § 1590.

161.   The court has no jurisdiction over the alleged acts constituting the trafficking cause of action under 18 U.S.C. §1590 because the alleged acts happened in the Philippines outside of the criminal and/or territorial jurisdiction of the United States.

162.   The alleged claim for trafficking arose from plaintiff's own act which acts constitute a violation of 18 U.S.C. 1546 and 1001.  Plaintiff is not allowed to profit or recover damages from her own criminal act as contrary to law and public policy.  *Barker v. Kallash*, 63 N.Y.2d. 19, 479 N.Y.S.2d 201

163.   Plaintiff's own acts were the actual cause and proximate cause of her alleged damages and /or plaintiff was not damaged.

164.   Plaintiff's claims are barred by the doctrine of ***in pari delicto*** under the laws of the Philippines.

165.   There is no private right of action arising from 18 U.S.C. §1584.

166.   The first amended complaint fails to state a cause of action for Unlawful Conduct with Respect to Documents In Furtherance of Trafficking, Peonage, Slavery, Involuntary Servitude or Forced Labor under 18 U.S.C. 1592  upon which relief may be granted .

167.   The first amended complaint fails to state a cause of action under the Alien Tort Claims 28 U.S.C. § 1350 upon which relief may be granted.

168.   The first amended complaint fails to state a cause of action for Federal Minimum Wage Violations, State Minimum Wage Violations, State Overtime Violations, Unlawful Deductions of Wages and Spread of Hours Violations under the New York Code.

169.   Defendants Lauro Baja, Norma Baja and Maria Elizabeth Facundo paid the correct amount of wages to plaintiff and may have overpaid her in full discharge of the obligations that may be owed plaintiff under any statute, federal or state government.

170.   As to the wage claims stated in the 6th, 7th, 8th, 9th and 10th causes of action, defendant Labaire is not an employer or joint employers of plaintiff.

171.   At all times pertinent to the actions alleged in the first amended complaint, defendants were in compliance with the rules and regulations of the State of New York regarding the employment of plaintiff.

172.   At all times pertinent to the alleged causes of action, defendants relied on the directives, rules, regulations and laws of the State of New York, as interpreted by the New York State Department of Labor.

173.   Defendants' reliance was reasonable and prudent.

174.   Because of such compliance with the directives, rules and regulations of the New York Department of Labor in employing plaintiff, defendants actions, contrary to plaintiff's allegations, were lawful and appropriate.

175.   Defendants did not wilfully fail to pay plaintiff and did not wilfully engage in any conduct violating any law, statute, regulation or other directive.

176.    The allegations constituting acts of fraud happened in the Philippines, not in New York. The Court has no subject matter jurisdiction over the fraud cause of action.

177.    The first amended complaint fails to state a cause of action for conversion.

178.    The first amended complaint fails to identify which funds have been converted by defendants.

179.    That answering defendants allege and preserve all Affirmative Defenses otherwise waived if not pled according to F.R.C.P. Rule 8 in order to conduct discovery. Defendants reserve the right to state additional Affirmative Defenses pending further investigation and discovery.  This responsive pleading is submitted at this time to comply with requirements for answering and without a complete investigation into all facts and circumstances of the allegations in the first amended complaint and solely for complying with statutory requirements without waiving the right to other defenses presently not known.

## SPECIAL DEFENSES

180.    The Court has no personal jurisdiction as to Labaire under the Civil Practice Law and Rules of New York §§ 301 and 302.

181.    The Court has no subject matter jurisdiction over the causes of action for trafficking and fraud because they are alleged to have happened in the Philippines.

182.    That plaintiff has failed to join an indispensable party to this action, the Philippine Mission or the Philippine government, as owner of the premises where the alleged causes of action occurred,  in accordance with F.R.C.P. Rule 19.

## FIRST COUNTERCLAIM

## BREACH OF CONTRACT

183.    At all times material to the counterclaim, defendants Lauro Baja and Norma Baja entered

into a contract of employment whereby Lauro Baja and Norma Baja hired plaintiff as a

domestic worker for a period of two years   A copy of this contract is attached hereto as

Exhibit "A" and made part hereof.

184.    In compliance with plaintiff's contract, defendant Lauro L. Baja requested and obtained

permission from the Philippine Department of Foreign Affairs (PDFA) to hire plaintiff as

a private staff or domestic worker, to be issued a Philippine diplomatic passport and to

bring the private staff to his diplomatic post in New York.  Plaintiff was requested to

comply with the requirements of the PDFA copy of this procedure is attached as Exhibit

"D" and made part hereof.

185.    In further compliance with the PDFA requirements, plaintiff applied for and was issued

a Philippine diplomatic passport issued only admittedly in plaintiff's complaint ¶ 28 " to

employees of Philippine diplomatic posts abroad who are not members of the diplomatic

service."  A copy of said Philippine passport is attached hereto as Exhibit "E" which

identifies plaintiff as "PRIVATE STAFF OF LAURO L. BAJA, JR. PERMANENT

REPRESENTATIVE OF THE REPUBLIC OF THE PHILIPPINES TO THE UNITED

NATIONS, PHILIPPINE MISSION TO THE UNITED NATIONS, NEW YORK."

186.    Upon information and belief, pursuant to the contract of employment and the PDFA

requirements, sometime in January 2006 plaintiff went to the United States Embassy to

apply for a G5 visa issued only to members of the United Nations staff and was issued one

-24-

on the basis of plaintiff's representations that she was going to New York to accept employment as private staff or domestic employee of Lauro L. Baja, Jr. by filling out a visa application form under the penalty of perjury. The requirements for issuance of a G5 visa and a visa application form are attached hereto as Exhibit F and made part hereof.

187.    In detrimental reliance of such contract, defendants/counter-claimants complied with their undertakings in the contract by paying plaintiff one month advance of her pay in the amount of $1,000 and paid for her transportation to New York from the Philippines in the amount of about $1,200 in January 2006.

188.    Plaintiff never intended to work as defendants' counter-claimants' domestic worker;  she wanted to come to the United States using the contract of employment with the Bajas to be able to obtain an entry visa to the United States.

189.    In fact, as plaintiff admits in her complaint, she left the residence or place of employment with the Bajas located as 15 East 66th Street, New York, NY 10065 on April 13, 2006 without notice, thus breaching her employment contract.

190.    Defendants counter-claimants have been damaged in the amount of $1,000 representing one month's advance salary and the cost of plaintiff's transportation from the Philippines to New York from the Philippines in the amount of about $1,200 in January 2006.

191.    Plaintiff left her employment  with the Bajas located at 15 East 66th Street, New York, NY 10065 on April 13, 2006 without notice, thus breaching her employment contract.

192.    Defendants counter-claimants have been damaged in the amount representing the cost of $1,000 advance payment and the cost of plaintiff's transportation from the Philippines to New York in the amount of $1,200.  Defendants counter-claimants have been also

damaged in the amount representing an opportunity loss of being unable to find a suitable

replacement after plaintiff left her employment.

## SECOND COUNTERCLAIM

193.   Defendants counter-claimants re-state the foregoing paragraphs 183  to192  as though

fully  set forth herein.

194.   Plaintiff had no intention of   working as a domestic worker for the Bajas and just wanted

 to use the Bajas' contract of employment to be able to (1) obtain a diplomatic passport

issued only to members of Philippine diplomatic staff and (2) obtain a visa for entry to the

United States as a "private staff" of Ambassador Lauro Baja, plaintiff used fraud at the

inception in inducing defendants counter-claimants to enter into a contract of employment

and misrepresented her intentions upon which promise defendants counter-claimants

relied upon to their detriment.

195.   As a proximate result of such fraudulent misrepresentation, defendant counter-claimants

were damaged in the amount representing their expenses in the amount of about $ 2,200

dollars representing one month's advance salary pay and the cost of plaintiff's

transportation from the Philippines to New York.

## AS A THIRD COUNTERCLAIM BY DEFENDANT FACUNDO FOR CONVERSION

196.   On or about January 27, 2006, defendant Facundo gave a cell phone to plaintiff which she

admits in her complaint would be used to monitor her child care of defendant Facundo's

son named Miguel Facundo.  The cell phone was to be exclusively used to communicate

between plaintiff and Mr. Levi Facundo and Maria Elizabeth Facundo.

197.    From the period January 2006 to April 2006, plaintiff used the cell phone for her own personal use incurring additional charges not intended by Mrs. Facundo.

198.    That the amount of telephone usage is reflected in the telephone billings attached hereto as Exhibit "G" for January to February 2006; Exhibit "H" for February 6 to March 6, 2006; and Exhibit "I" for March 7 to April 6, 2006.  These telephone bills conclusively show plaintiff either sending text messages or calling the Philippines and the time and charges incurred.

199.    That plaintiff subsequently left her employment with the Bajas but failed to return the cell phone to defendant Facundo while continuing to use the same to the detriment of defendant Facundo. The failure to leave the telephone to defendant Facundo after leaving her employment and the failure to return the same constitutes larceny and conversion.

200.    Defendant has been damaged in the sum representing the cost of the unreturned cell phone and the telephone bills left unpaid by plaintiff when she departed and left her employment without notice.

201.    Defendant counter claimant Facundo demands payment of the cost of the cell phone and the telephone charges left unpaid by plaintiff.

## P R A Y E R

WHEREFORE, Defendants demand judgment dismissing the first amended complaint and each and every claim for relief against them and that they be awarded costs, expenses and legal fees for the defense of this action computed at the hourly rates.

ON THE COUNTERCLAIMS, defendants counter-claimants Lauro Baja, Jr. and Norma Baja demand judgment on the counterclaim requiring plaintiff to reimburse defendants counter-

claimants the cost and expenses incurred in plaintiff's breach of her employment contract.

Defendant counter claimant Maria Elizabeth Facundo demands judgment on her counterclaim requiring plaintiff to pay for the cost of the cell phone taken by plaintiff and the cost of her unpaid telephone bills as stated in Exhibits "D" and "E."

**DEFENDANTS DEMAND TRIAL BY JURY**.

Dated:        October 5, 2009
              New York, New York


                                        /S/
                              SALVADOR E. TUY, JR (ST113O)
                              PRADO & TUY, LLP
                              Attorneys for Defendants Lauro L. Baja, Jr
                              Norma C. Baja, Maria Elizabeth B. Facundo
                              And Labaire International Travel, Inc.

## <u>EXHIBITS ATTACHED TO ANSWER</u>

Exhibit "A"     Contract of Employment between Marichu Baoanan and Lauro C. Baja, Jr.

Exhibit "B"     Certificate of Incorporation of Labaire International Travel, Inc., New York

Exhibit "C"     Certification from Philippines Commission on Higher Education stating that
                Marichu Baoanan did not finish her course of Bachelor of Science in Nursing in
                Unciano Colleges and her name is not in the list if students allowed to graduate
                from    To the present.

Exhibit "D"     Philippine Department of Foreign Affairs procedure for obtaining permission to
                bring private staff to diplomatic post and issuance of diplomatic passport

Exhibit "E"     Plaintiff Marichu Baoanan's diplomatic passport.

Exhibit "F"     U.S. Embassy procedure for obtaining a G5 visa and visa application

Exhibit "G"     Plaintiff's  T-mobile telephone bills for January 27 to February 6, 2006.

Exhibit "H"     Plaintiff's T-mobile telephone bills for February 7 to March 6, 2006.

Exhibit "I"     Plaintiff's T-mobile telephone bills for March 6 to April 6, 2006.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of October, 2009, I have caused to be served, via U.S. Mail, a copy of the foregoing Defendants' Lauro L. Baja, Norma C. Baja and Maria Elizabeth Facundo Answer to First Amended Complaint and Exhibits attached thereto, on the following:


Aaron Hirsch Mendelsohn, Esq.
Troutman Sanders LLP (NYC)
405 Lexington Avenue
New York, New York 10174

Ivy Oracion Suriyopas, Esq.
Asian American Legal Defense and Education Fund
99 Hudson Street, 12th Floor
New York, New York 10013-2815




                                _____/S/_____
                                     ANNA L.OLONA