UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x   DOCKET No. **08-CV-5692 VM**

**MARICHU SUAREZ BAOANAN**,

        *Plaintiff,*   **ANSWER TO FIRST AMENDED**
           **COMPLAINT OF LABAIRE**
   -Against-   **INTERNATIONAL TRAVEL, INC**.

**LAURO LIBOON BAJA, JR.,**
**NORMA CASTRO BAJA,**   **JURY TRIAL DEMANDED**
**MARIA ELIZABETH BAJA FACUNDO, and**
**LABAIRE INTERNATIONAL TRAVEL, INC.**,

        *Defendants*.
---------------------------------------------------------------- x

## LABAIRE'S ANSWER TO THE FIRST AMENDED COMPLAINT

DEFENDANT LABAIRE INTERNATIONAL TRAVEL, INC., (Labaire) by counsel, as answer to the First Amended Complaint, respectfully states:

### PRELIMINARY STATEMENT

1. Defendant admits the allegation in ¶ 1 that Plaintiff worked in the household of Defendants Lauro Baja, Jr., Norma C. Baja, and Maria Elizabeth B. Facundo as a domestic worker for approximately three months but denies the rest of allegations for lack of knowledge sufficient to form a belief as to the truth of the rest of the allegations.

2. Defendant denies the allegations in ¶ 2 for lack of knowledge sufficient to form a belief as to the truth of the rest of the allegations.

3, Defendant denies that allegations in ¶ 3 as material falsehood. Plaintiff voluntarily left the Philippines to be employed by defendants Lauro and Norma Baja as a domestic helper as stated in her contract of employment with Lauro Baja, a copy of which is attached as Exhibit "A." Defendant denies all the allegations in ¶3 for lack of knowledge

-1-

or information sufficient to form a belief as to the truth thereof.

4. Defendant denies the allegations in ¶ 4 the truth being that in accordance with plaintiff's contract, Exhibit "A", 80 percent of her salary was remitted or paid to her husband in the Philippines regularly.

5. Defendant denies the allegations in ¶ 5 lack of knowledge or information sufficient to form a belief as to the truth thereof.

6. Defendant denies the allegations in ¶ 6 , the truth being she was overpaid at the time she left; defendant denies the rest of the allegations as conclusions of law and direct the court to the law controlling such legal conclusions.

7. Defendant denies the allegations in¶ 7 and refer the court to the law controlling the legal conclusions alleged therein

## JURISDICTION AND VENUE

8. Defendant denies the allegations in ¶ 8 as a legal conclusion and respectfully refer the court to the law controlling the legal conclusions asserted therein.

## PARTIES

9. Defendant admits the allegations in ¶ 9.

10. Defendant admits the allegations in ¶ 10.

11. Defendant admits the allegations in ¶ 11.

12. Defendant admits the allegations in ¶ 12.

13. Defendant admits only the allegation in¶13 that "Defendant Labaire International Travel, Inc. is a travel agency"; and "had offices at ..... G/F South Super Highway cor. General Malvar Street, Makati City" and that defendant Norma Baja was part owner or

President of Labaire but denies the rest of the allegations for lack of knowledge and information sufficient to form a belief as to the truth thereof. Defendant Labaire specifically denies the allegation that that it is an employment agency as the phrase "employment agency" is defined by pertinent laws of the Philippines [1] and New York State law [2] and that Labaire had offices at 60 East 42nd Street, Room 758 , New York, NY 10017, the truth being that at all times material to plaintiff's causes of action there was another Labaire International Travel, Inc., a New York corporation. A copy of Labaire International Travel, Inc.'s New York incorporation papers are attached hereto as Exhibit "B" and made part hereof.

14. Defendant admits the allegations in ¶14 that plaintiff was a domestic worker but denies the rest of the allegations and refer to the court the law controlling the legal conclusions.

## STATEMENT OF FACTS

15. Defendant admits only the allegation in ¶15, that "In or about fall 2005, Ms. Baoanan met Defendant Norma Baja in the Philippines and denies the rest of the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in¶ 15.

16. Defendant denies the allegation in ¶ 16, that Ms. Baoanan graduated from Unciano Colleges and General Hospital with a Bachelor of Science degree in Nursing" as a material falsehood and affirmatively assert that according to available records from the

---

[1]. Presidential Decree 442, Labor Code of the Philippines, Art. 13 (d) defining a Philippine employment agency.

[2]. New York Employment Agency law requires registration and license. Consolidated laws of New York, § 171 et seq.

Philippine Commission on Higher Education plaintiff never graduated from said Unciano Colleges and General Hospital and a copy of said certification is attached hereto and made part of this Answer as Exhibit "C", and in fact plaintiff received failing grades according to the transcript of school records from Unciano Colleges.

17. Defendant denies the allegations in ¶ 17 and that there was ever was a "package deal" for lack of knowledge or information sufficient to form a belief as to the truth thereof; the truth being the defendant Lauro Baja signed a Contract of Employment hiring plaintiff to be his domestic employee in New York, a copy of the contract is attached hereto as Exhibit "A" and made an integral part hereof.

18. Defendant denies the allegations in ¶18 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 19.

20. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 20.

21. Defendant admits only the allegation in ¶ 21 that Defendant Norma Baja had Ms. Baoanan sign a "contract" and that is a Contract of Employment, a copy of which is attached hereto as Exhibit "A".  Defendant denies knowledge or information sufficient to form a belief as to truth of the rest of the allegations thereof.

22. Defendant denies the allegations in ¶22  for lack of sufficient knowledge or information sufficient to form a belief as to the truth thereof.

23. Defendant denies the allegations in ¶23  for lack of sufficient knowledge or information

sufficient to form a belief as to the truth thereof.

24. Defendant denies the allegations in ¶24 for lack of sufficient knowledge or information sufficient to form a belief as to the truth thereof.

25. Defendant denies the allegations in ¶25 for lack of sufficient knowledge or information sufficient to form a belief as to the truth thereof.

26. Defendant denies the allegations in ¶26 for lack of sufficient knowledge or information sufficient to form a belief as to the truth thereof.

27. Defendant denies the allegations in ¶27 for lack of sufficient knowledge or information sufficient to form a belief as to the truth thereof.

28. Defendant admits only the allegations in ¶ 28.

29. Defendant admits the allegations in ¶29.

30. Defendant admits the allegations in ¶ 30.

31. Defendant admits only the allegations in¶31 that Labaire continues to operate as a travel agency in the Philippines but denies the rest thereof for lack of knowledge sufficient to from a belief as to the truth thereof.

32. Defendant denies the allegations in¶32 that it retained copies of Baoanan's "alleged December 2005 contract, U.S. Consulate forms, receipts of Ms. Baoanan's three payment installments, and her travel itinerary" because it did not need to, had no obligation to plaintiff to do so and because there were no payments made to Labaire or Norma Baja.

33. Defendant denies the allegations in ¶33 for lack knowledge or information sufficient to form a belief as to the truth thereof.

34. Defendant denies the allegations in ¶ 34 for lack knowledge or information sufficient to

form a belief as to the truth thereof.

35. Defendant denies the allegations in ¶35 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

36. Defendant denies the allegation in ¶ 36 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

37. Defendant denies the allegation in ¶ 37 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

38. Defendant denies the allegations in ¶38 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

39. Defendant denies the allegations in ¶ 39 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

40. Defendant denies the allegations in ¶40, for lack of knowledge or information sufficient to form a belief as to the truth thereof.

41. Defendant denies the allegations in ¶ 41 for lack of knowledge or information sufficient to form a belief as to the truth thereof

42. Defendant denies the allegations in ¶ 42 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

43. Defendant denies the allegations in ¶ 43 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

44. Defendant denies the allegations in ¶ 44 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

45. Defendant denies the allegations in ¶ 45 for lack of knowledge or information sufficient to

form a belief as to the truth thereof.

46. Defendant denies the allegations in ¶ 46 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

47. Defendant denies the allegations in ¶47 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

48. Defendant denies the allegations in ¶48 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

49. Defendant denies the allegations in ¶49 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

50. Defendant denies the allegations in ¶50 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

51. Defendant denies the allegations in ¶51 as material falsehood.  Defendant requests the court to take judicial notice that the Philippines is the only English speaking country in Asia and the Philippine educational system was designed by the United States to be in English since the Philippines was ceded to by Spain to the United States under the Treaty of Paris in 1898. Plaintiff's school records will show that she passed English from grade school to college.  Plaintiff's transcript of school records from Unciano Colleges shows that she passed oral English subjects like Engl. 1,Communication Skills 1, Engl 2 Communication Skills 2 , Engl 3, and English 103, Speech and Oral Communication. (See Exhibit "B" pp. 3,4.5) . All Philippine laws are written in English and the first Constitution of the Philippines is an exact copy of the U.S. Constitution and the first Supreme Court Justices of the Philippines were American lawyers. Defendant requests the

court to take judicial notice that all Philippine television stations and all major newspapers are in English and that there is a local version in the Philippines of 911 and the format of the Philippines phone book is also in English so much so that if plaintiff did not speak English she could read English.  The Immigration laws governing employment based petitions of foreign educated nurses in the United States require the applicant, such as plaintiff, to pass TOEFEL and Test of Spoken English (TSE). Plaintiff spoke to Miguel Facundo in English because Miguel does not speak the Filipino language.

52. Defendant denies the allegations in ¶52 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

53. Defendant denies the allegations in ¶ 53 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

54, Defendant denies the allegations in ¶54 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

55. Defendant denies the allegations in ¶55 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

56. Defendant denies the allegations in ¶ 56 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

57. Defendant denies the allegations in ¶57 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

58. Defendant denies the allegations in ¶58 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

59.  Defendant denies the allegations in ¶59 for lack of knowledge or information sufficient to

form a belief as to the truth thereof.

60. Defendant denies all the allegations contained in ¶ 60 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

61. Defendant denies all the allegations contained in ¶ 61 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

62. Defendant denies all the allegations contained in ¶ 62 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

63. Defendant denies all the allegations contained in ¶ 63 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

64. Defendant denies all the allegations contained in ¶ 64 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

65. Defendant denies all the allegations contained in ¶ 65 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

66. Defendant denies all the allegations contained in ¶ 66 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

67. Defendant denies all the allegations contained in ¶ 67 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

68. Defendant denies all the allegations contained in ¶ 68 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

69. Defendant denies all the allegations contained in¶ 69 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

70. Defendant denies all the allegations contained in ¶ 70 for lack of knowledge or

information sufficient to form a belief as to the truth thereof.

71. Defendant denies all the allegations contained in ¶ 71 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## **FIRST CAUSE OF ACTION**

72. Defendant repeats the responses to each allegation incorporated by reference in ¶ 72 as are made in response to the allegations referred to in ¶72, with the same force and effect as if set forth herein.

73. The allegation in ¶ 73 needs no admission or denial.

74. Defendant denies all the allegations contained in ¶¶ 74, 75, 76, 77, 78, 79, 80, 81, 82, 83 and 84 as legal conclusion and formulaic recitations of the law and refer the court to the law controlling such legal conclusions asserted.

## **SECOND CAUSE OF ACTION**

75. Defendant repeats the responses to each allegation incorporated by reference in¶ 85 as are made in response to the allegations referred to in ¶ 85, with the same force and effect as if set forth herein.

76. Plaintiff's allegations in ¶ 86 require neither admission nor denial.

77. Defendant denies the allegations in ¶ 87 to 92 inclusive, as formulaic recitations of the law and legal conclusions and refer the court to the law controlling the legal conclusions asserted.

## **THIRD CAUSE OF ACTION**

78. Defendant repeats the responses to each of the allegations incorporated by reference in ¶93 as are made in response to the allegations referred to in ¶93, with the same force and effect as if set forth herein.

79. The allegations in ¶ 94 require neither admission nor denial.

80. Defendant denies all the allegations in ¶¶ 95 to 99 as a formulaic recitation of the law stating an element of a cause of action and refer the court to the law controlling such legal conclusions asserted.

### FOURTH CAUSE OF ACTION

81. Defendant repeats the responses to each of the allegations incorporated by reference in ¶100 as are made in response to the allegations in each of the paragraphs referred to in ¶100 with the same force and effect as if set forth herein.

82. The allegations in ¶101 require neither admission nor denial.

83. Paragraph 102 alleges a legal conclusion and Defendant refer the court to the law controlling such legal conclusions asserted.

84. Defendant denies all the allegations in ¶¶ 103 to 107 as a formulaic recitation of the law stating an element of a cause of action and refer the court to the law controlling such legal conclusions asserted.

### FIFTH CAUSE OF ACTION

85. Defendant repeats the responses to each of the allegations incorporated by reference in ¶ 108 as are made in response to the allegations in each of the paragraphs referred to in ¶ 108 with the same force and effect as if set forth herein.

86. The allegations in ¶ 109 require neither admission nor denial.

87. Paragraph 110 alleges a legal conclusion and Defendant refers the court to the law controlling such legal conclusions asserted.

88. Defendant denies the allegations in ¶ 111 and 112 as a formulaic recitation of the law stating an element of a cause of action and refer the court to the law controlling such legal conclusions asserted.

## SIXTH CAUSE OF ACTION

89. Defendant repeats the responses to each of the allegations incorporated by reference in ¶ 113 as are made in response to the allegations in each of the paragraphs referred to in ¶113, with the same force and effect as if set forth herein.

90. The allegation in ¶ 114 requires neither admission nor denial.

91. Defendant denies all the allegations contained in ¶¶ 115 to 118 as labels, legal conclusions and formulaic recitation of the alleged cause of action and refer the court to the law controlling such legal conclusions asserted.

## SEVENTH CAUSE OF ACTION

92. In response to the allegations in ¶119 Defendant refers to the preceding admissions and denials of the preceding paragraphs referred to in ¶119.

93. The allegation in ¶ 120 needs neither admission nor denial.

94. Defendant denies the allegations contained in ¶121 to 124 as labels and legal conclusions and refer the court to the law controlling the legal conclusions.

## EIGHTH CAUSE OF ACTION

95. Defendant repeats the responses to each of the allegations incorporated by reference in ¶125 as are made in response to the allegations in each of the paragraphs referred to in ¶125, with the same force and effect as if set forth herein.

96. Defendant denies the allegations in ¶126 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

97. Defendant denies all the allegations in ¶¶ 127 to 130 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## NINTH CAUSE OF ACTION

98. Defendant repeats the responses to each of the allegations incorporated by reference in ¶131 as are made in response to the allegations in each of the paragraphs referred to in ¶131 with the same force and effect as if set forth herein.

99. Defendant denies the allegations in ¶132 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

100. Defendant denies the allegations in ¶¶ 133 to 136 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## TENTH CAUSE OF ACTION

101. Defendant repeats the responses to each of the allegations incorporated by reference in ¶ 137 as are made in response to the allegations in each of the paragraphs referred to in ¶ 137 with the same force and effect as if set forth herein.

102. Defendant denies the allegations in ¶138 to 141 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## ELEVENTH CAUSE OF ACTION

103. Defendant repeats the responses to each of the allegations incorporated by reference in ¶142 as are made in response to the allegations in each of the paragraphs referred to in ¶142, with the same force and effect as if set forth herein.

104. Defendant denies the allegations in ¶¶143 to 151 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## TWELFTH CAUSE OF ACTION

105. Defendant repeats the responses to each of the allegations incorporated by reference in ¶152 as are made in response to the allegations in each of the paragraphs referred to in ¶152, with the same force and effect as if set forth herein.

106. Defendant denies the allegations in ¶ 153 to 155 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## AFFIRMATIVE DEFENSES TO THE CLAIMS

107. The first amended complaint fails to state a claim against Defendant in the first, second, third, fourth and fifth causes upon which relief may be granted.

108. Plaintiff failed to mitigate her damages.

109. Plaintiff signed a contract of employment whereby she agreed to work for Defendant Lauro Baja and Norma Baja for two years and worked only for three months pursuant to said contract. Under the doctrine of *Central School Dist. v. Cohen*, 60 Misc 2d 337, 1969 N.Y. Misc. LEXIS 1618 (N.Y. Misc. April 17, 1969), she could not claim her labor was obtained by force, coercion or deceit.

110. That upon information and belief, if plaintiff sustained injuries or damages at the time and place described in her first amended complaint they were proximately caused by the fault,

carelessness and want of care on her part and not due to the want of care of Defendant.

111. The first amended complaint fails to state a cause of action for trafficking under 18 U.S.C. §§ 1590 and 1595 because plaintiff's labor or services was not obtained by any of the means stated § 1590.

112. The court has no jurisdiction over the alleged acts constituting the trafficking cause of action under 18 U.S.C. §1590 because the alleged acts happened in the Philippines outside of the criminal and/or territorial jurisdiction of the United States.

113. The alleged claim for trafficking arose from plaintiff's own act which acts constitute a violation of 18 U.S.C. 1546 and 1001.  Plaintiff is not allowed to profit or recover damages from her own criminal act as contrary to law and public policy.  *Barker v. Kallash,* 63 N.Y.2d. 19, 479 N.Y.S.2d 201

114. Plaintiff's own acts were the actual cause and proximate cause of her alleged damages and plaintiff was not damaged.

115. Plaintiff's claims are barred by the doctrine of ***in pari delicto*** under the laws of the Philippines.

116. There is no private right of action arising from 18 U.S.C. §1584.

117. The first amended complaint fails to state a cause of action under the Alien Tort Claims 28 U.S.C. § 1350 upon which relief may be granted.

119. The first amended complaint fails to state a cause of action for Federal Minimum Wage Violations, State Minimum Wage Violations, State Overtime Violations, Unlawful Deductions of Wages and Spread of Hours Violations under the New York Code against defendant Labaire .

120. Defendants Lauro Baja, Norma Baja and Maria Elizabeth Facundo paid the correct amount of wages due to plaintiff and may have overpaid her in full discharge of the obligations that may be owed plaintiff under any statute, federal or state government.

121. As to the wage claims stated in the 6th, 7th, 8th, 9th and 10th causes of action, defendant Labaire is not an employer or joint employers of plaintiff.

122. At all times pertinent to the actions alleged in the first amended complaint, Defendants were in compliance with the rules and regulations of the State of New York regarding the employment of plaintiff.

123. At all times pertinent to the alleged causes of action, Defendants relied on the directives, rules, regulations and laws of the State of New York, as interpreted by the New York State Department of Labor.

124. Defendants' reliance was reasonable and prudent.

125. Because of such compliance with the directives, rules and regulations of the New York Department of Labor in employing plaintiff, Defendants' actions, contrary to plaintiff's allegations, were lawful and appropriate.

126. Defendant Labaire did not wilfully fail to pay plaintiff and did not wilfully engage in any conduct violating any law, statute, regulation or other directive.

127. The first amended complaint fails to state fraud with sufficient particularity in violation of FRCP Rule 9 (b).

128. The allegations constituting acts of fraud happened in the Philippines, not in New York. The first amended complaint fails to allege fraud in accordance with Philippine law .

129. The Court has no subject matter jurisdiction over the fraud cause of action which

happened in the Philippines.

130. That answering Defendant alleges and preserves all Affirmative Defenses otherwise waived if not pled according to F.R.C.P. Rule 8 in order to conduct discovery. Defendant reserves the right to state additional Affirmative Defenses pending further investigation and discovery. This responsive pleading is submitted at this time to comply with requirements for answering and without a complete investigation into all facts and circumstances of the allegations in the first amended complaint and solely for complying with statutory requirements without waiving the right to other defenses presently not known.

131, This court has no personal jurisdiction over Labaire under Civil Practice Law and Rules of New York §§ 301 and 302.

132. The Court has no subject matter jurisdiction over the causes of action for trafficking and fraud because they are alleged to have happened in the Philippines.

133. That plaintiff has failed to join an indispensable party to this action, the Philippine Mission or the Philippine government, as owner of the premises where the alleged causes of action 1, 2, 3 and 4 occurred, in accordance with F.R.C.P. Rule 19.

## P R A Y E R

WHEREFORE, Defendant Labaire demands judgment dismissing the first amended complaint and each and every claim for relief against Labaire and that Labaire be awarded costs, expenses and legal fees for the defense of this action computed at the hourly rates.

**<u>DEFENDANT DEMAND TRIAL BY JURY</u>**.

Dated:        October 2, 2009
              New York, New York

        /S/
SALVADOR E. TUY, JR (ST113O)
PRADO & TUY LLP
Attorneys for Defendant Lauro L. Baja, Jr
Norma C. Baja, Maria Elizabeth B. Facundo
And Labaire International Travel, Inc.

## EXHIBITS ATTACHED TO ANSWER

Exhibit "A"   -   Contract of Employment between Lauro Baja and Marichu Baoanan.

Exhibit "B"   -   Certificate of Incorporation of Labaire International Travel, Inc. New York

Exhibit "C"   -   Certification from the Philippines Commission on Higher Education certifying that MArichu Baoanan (1) has not completed all the requirements leading to a degree of Bachelor of Nursing (2) MS. Baoanan's name is not in the list of students issued Special Order to graduate from 1990 to the present .

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of October, 2009, I have caused to be served, via U.S. Mail, a copy of the foregoing Answer to First Amended Complaint of Labaire International Travel, Inc. and Exhibits attached thereto, on the following:

Aaron Hirsch Mendelsohn, Esq.
Troutman Sanders LLP (NYC)
405 Lexington Avenue
New York, New York 10174

Ivy Oracion Suriyopas, Esq.
Asian American Legal Defense and Education Fund
99 Hudson Street, 12th Floor
New York, New York 10013-2815

                                                    /S/
                                         ANNA L. OLONA